## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SEDELL HATTON,<br><br>            Plaintiff,<br>v.<br><br>WAL-MART STORES, INC.,<br>WAL-MART STORES EAST, INC., and<br>WAL-MART STORES EAST 1 LIMITED<br>PARTNERSHIP,<br><br>            Defendants. | 3:09-CV-1270 (CSH)<br><br>**ORDER** |

HAIGHT, Senior District Judge:

The Court has examined the Notice of Removal in this case and *sua sponte* raises a question with respect to subject matter jurisdiction.

The alleged basis of subject matter jurisdiction is diversity of citizenship, pursuant to 28 U.S.C. § 111332(a)(1). In the Notice of Removal, defendants state that plaintiff is a resident of Connecticut and that "Petitioner is a corporation duly licensed and registered under the laws of the State of Delaware, with its principal place of business being Bentonville, Arkansas."

Defendants' statements are insufficient to establish diversity of citizenship. First, regarding defendants' statement of plaintiff's residency, it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-103 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)). This is because an individual's citizenship for diversity purposes is determined by his or her domicile, not residence. *See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A person's domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* While an individual may have

several residences, he or she can have only one domicile. *Rosario v. INS*, 962 F.2d 220, 224 (2d Cir. 1992).

Second, although defendants state in the Notice of Removal that they will refer to themselves collectively as "Petitioner," defendants' statement that "Petitioner is a corporation duly licensed and registered under the laws of the State of Delaware, with its principal place of business being Bentonville, Arkansas," Def.' Not. Removal at 1-2, clearly does not apply to all defendants, one of which is a limited partnership. Significantly, whereas a corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," 28 U.S.C. § 1332(c)(1), "a partnership has the citizenship of each of its partners." *Herrick Co. v. SCS Communs., Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). This is true even of liability partnerships. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

In light of the foregoing, all parties are ORDERED to submit affidavits to the Court, not later than September 11, 2009, stating their citizenship for purposes of federal diversity jurisdiction. Plaintiff's affidavit must alleged the state in which he is domiciled. Defendants' affidavit(s) must allege the state of incorporation and the state of the principal place of business of each corporate defendant, and the state in which each partner and limited partner of defendant Wal-Mar Stores East 1 Limited Partnership is domiciled. The Court does not require a list of all the partners. If all partners are domiciled in the same few states, a statement to that effect will suffice.

It is SO ORDERED.

Dated: New Haven, Connecticut
       August 18, 2009

                                          */s/ Charles S. Haight, Jr.*
                                          Charles S. Haight, Jr.
                                          Senior United States District Judge